**Order entered February 28, 2013**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-12-01649-CR
No. 05-12-01651-CR

**RODNEY DEON SAMPSON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 4**
**Dallas County, Texas**
**Trial Court Cause Nos. F11-53201-K, F11-53164-k**

## ORDER

By letters dated December 12, 2012, January 18, 2013, and February 6, 2013, the Court notified the trial court that the boxes have not been checked on the trial court's certification of appellant's right to appeal filed in cause no. 05-12-01649-CR. We asked the trial court to review the record and to file a certification that accurately reflects the trial court's proceedings. To date, we have not received a completed certification.

Moreover, the reporter's record is overdue in these appeals. Accordingly, the Court **ORDERS** the trial court to make findings of fact regarding whether appellant has been deprived of the reporter's record because of ineffective counsel, indigence, or for any other reason.

- The trial court shall first determine whether appellant desires to prosecute the appeals. If the trial court determines that appellant does not desire to prosecute these appeals, it shall make a finding to that effect.

- If the trial court determines that appellant desires to prosecute the appeals, it shall next determine whether appellant is indigent and entitled to proceed without payment of costs for the reporter's record. If appellant is entitled to proceed without payment of costs, the trial court shall make a finding to that effect. Moreover, if appellant is indigent, the trial court is **ORDERED** to take such measures as may be necessary to assure effective representation, which may include appointment of new counsel. If the trial court finds appellant is not indigent, it shall determine whether retained counsel has abandoned the appeals.

- The trial court shall next determine: (1) the name and address of each court reporter who recorded the proceedings in this cause; (2) the court reporter's explanation for the delay in filing the reporter's record; and (3) the earliest date by which the reporter's record can be filed.

We **ORDER** the trial court to transmit a supplemental record, containing the written findings of fact, any supporting documentation, and any orders, to this Court within **THIRTY DAYS** of the date of this order. We **ORDER** the trial court to include a completed copy of the certification of appellant's right to appeal in cause no. 05-12-01649-CR in the supplemental clerk's record.

The appeals are **ABATED** to allow the trial court to comply with this order. They shall be reinstated thirty days from the date of this order or when the supplemental record is received, whichever is earlier.

/s/    CAROLYN WRIGHT
       CHIEF JUSTICE